■ In the Matter of MATTIE BORDERS, on Behalf of Herself and Infant Children, Appellant, v. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review respondent's refusal to provide certain emergency assistance to petitioner and her three children, petitioner appeals from a judgment of the Supreme Court, Nassau County, dated October 2, 1969, which dismissed the proceeding without prejudice to renewal after exhaustion of petitioner's administrative remedies. Judgment reversed, on the law, without costs, and proceeding remitted to the Special Term for further proceedings not inconsistent herewith. The petition herein alleged that the electric current in petitioner's home was shut off from September 5, 1969 through September 8, 1969 as the result of the combined failures of petitioner and respondent to pay her utility bill. Petitioner, who is receiving public assistance in the aid to dependent children category, had allegedly purchased a month's supply of frozen meats and vegetables on September 2, 1969. This supply, together with the rest of the contents of her refrigerator became spoiled as a result of the shutdown of electricity. Petitioner's request for an emergency grant for food for the rest of the month was rejected by respondent on the ground that it no longer had the power to make such grants. The petition asserted that petitioner and her three children would suffer irreparable harm if they received no emergency food allowance prior to their next monthly grant on October 1, 1969. We are of the opinion that, under the circumstances alleged, petitioner was not bound to exhaust her administrative remedies by seeking a fair hearing pursuant to subdivision 2 of section 353 of the Social Services Law before commencing this proceeding. It would have been futile for her to request such a hearing, as the emergency situation would have passed and grave harm could have resulted to her and her children long before any decision would have been rendered through the fair hearing procedures (cf. *Lesron Junior* v. *Feinberg*, 13 A D 2d 90, 94). Respondent has taken the position that, as a result of recent amendments to the Social Services Law (L. 1969, ch. 184), it no longer has a legal obligation to provide emergency food assistance. These amendments, which established a schedule of maximum monthly grants and allowances for social service districts, forbade State reimbursement for expenditures made for the duplication of grants or allowances, save for the replacement of necessary furniture and clothing lost through catastrophe. We do not believe that these amendments had the effect of repealing, by implication, section 350-j of the Social Services Law, which mandates social service districts to provide emergency aid as therein provided, so long as Federal aid is available therefor, to persons in petitioner's category. The absence of an express provision in a later act for repeal of an earlier one

gives rise to the presumption that repeal was not intended (*Cimo* v. *State of New York*, 306 N. Y. 143, 149; *Matter of Board of Educ. of City of N. Y.* v. *Allen*, 6 N Y 2d 127, 141–142; *Matter of Investigation of Criminal Abortions in County of Kings*, 286 App. Div. 270, 275). If, by any fair construction, a reasonable field of operation can be found for both acts, that construction should be adopted (*Matter of Tiffany*, 179 N. Y. 455, 457; *Davis* v. *Supreme Lodge*, 165 N. Y. 159, 166–167). Petitioner was not, strictly speaking, seeking a duplication of an earlier grant. Requests for duplications do not arise only in emergency situations. Since in an emergency the concern is to find a specific way in which to alleviate the crisis rather than to duplicate a grant, it would appear that emergency relief pursuant to section 350-j can be made available in selective situations without disturbing the non-duplication provisions of the above-mentioned recent amendments. Had the Legislature desired to terminate the obligation of social service districts, it is not likely that it would have done so only by implication. As this controversy is likely to recur with respect to other parties not now before us and in view of the split of authority at Special Term with regard to the applicability of the doctrine of exhaustion of remedies in emergency situations, we have chosen not to affirm the dismissal of the petition on the ground that the dispute is now academic (cf. *East Meadow Community Concerts Assn.* v. *Board of Educ. of Union Free School Dist. No. 3*, 18 N Y 2d 129, 135). Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.