A. Franklin Mahoney, J.
The petitioner seeks an order, pursuant to CPLR article 78, directing respondent Fahey to provide him with an emergency grant to pay an overdue utility bill to Niagara Mohawk Power Corporation. Further, petitioner seeks judgment against respondent Lavine, as Commissioner of the New York State Department of Social Services, .requiring him to promptly advise local social services districts that emergency assistance must be provided, upon proper proof of need, to destitute recipients of supplemental security income (Federal program of SSI promulgated January 1, 1974) when they are threatened with discontinuance of their utility service.
Respondent Fahey has answered and filed objections in point of law wherein he alleges that section 397.7 of the Regulations of the State Department of Social Services (18 NYCRR 397.7) authorizes the petitioner to seek administrative review of his adverse determination by means of a fair hearing and his failure to do so precludes this court from granting the relief sought.
Respondent Lavine has moved to dismiss the petition on the grounds that petitioner hasn’t exhausted his administrative remedies by requesting a fair hearing (CPLR 7801) and, in the alternative, for an opportunity to answer pursuant to CPLR 7804 (subd. [f]) if the motion to dismiss is denied.
First, in my view, the factual situation herein, dealing as it does with the rights of utility corporations to shut off power needed to heat homes of recipients of welfare, which is the subject of State-wide legislation authorizing emergency assistance which would require new implementiúg regulations (1974 Assembly Bill No. 11590, § 1) does not lend itself to a class action. Any judgment entered could immeasurably interfere with the State Commissioner of Social Services in promulgating new regulations if the pending legislation should become law (Domine v. Schreck, 44 A D 2d 98, 99).
Next, both the objections in point of law filed by respondent Fahey and the ground urged by respondent Lavine for dismissal, *960 that this petition is premature because resort was not first made for a fair hearing, are rejected. We are herein dealing with an application for emergency assistance to permit petitioner to pay the most basic of all debts, the bill for power needed to heat and light his home. Niagara Mohawk has refrained from a shutoff only until this matter is disposed of by this court. The petitioner should not be further demeaned by relying on Niagara Mohawk’s sufferance while he applies for a fair hearing and awaits its outcome. For a similar situation the parties are referred to Matter of Borders v. Nassau County Dept. of Social Servs. (34 AD 2d 805).
Title XVI of the Federal Social Security Act, as amended, entitled “ Supplemental Security Income for. the Aged, Blind and Disabled ” (SSI), became effective January 1, 1974. The basic requirements of the new program are set forth in section 1381 et. seq. of title 42 of the United States Code. These new Federal provisions do not pre-empt State law. Rather, they put a floor under the welfare recipient and authorize the States to supplement the Federal grant so that no recipient would receive less assistance than his State provided in the year 1973. In this connection, it is noted that New York State, anticipating the Federal passage of SSI, enacted legislation in 1973 (see L. 1973, ch. 516) that gives the State Social Services Department discretion to promulgate regulations “ to provide for the needs of aged, blind or disabled persons, whose needs are not met by federal supplementary security income and/or additional state payments.” (Social Services Law, § 131-a, subd. 10.) The new SSI Federal legislation did not eradicate the duty of this State or of any county to care for its needy. That duty is imposed constitutionally (N. Y. Const., art. XVII, § 1). In short, while the 1973 State legislation (L. 1973, ch. 516) made provision for Federal take-over of the needs of the aged, blind and needy, the basic duty imposed by the Constitution and by section 62 of the Social Services Law remains. There is presently a duty on the part of the county and State to meet the emergency requirements of the disabled. “ Emergency requirements ” need not be confined to those five categories itemized in section 397.1 of the Regulations of the State Department of Social Services (18 NYCRR 397.1) which seems to categorize a qualifying emergency as one that can be traced to “ fire, flood or other similar catastrophe Section 62 and subdivision 1 of section 131-a of the Social Services Law do not restrict qualification to fortuitous casualty. Rather, they require that the State and appropriate *961 county be responsible for ABD or SSI recipients suffering immediate destitution or a critical emergency need, as herein.
Therefore, it is the holding of this court that the Albany County Department of Social Services must meet the immediate emergency requirement of the petitioner by paying to Niagara Mohawk Power Corporation whatever sum is required to make petitioner current in his obligation to that utility up to the date of his first payment from the county for the month of June, 1974.
That branch of petitioner’s motion which would require respondent Lavine to advise all local social service districts in the State that emergency assistance must be provided to destitute recipients of SSI who are threatened with a shutoff of utility services, is denied. To grant such relief would be an unwarranted judicial intervention with the right of respondent Lavine to promulgate such rules and regulations as will best implement the requirements of the Social Services Law.