(July 18, 1975)

■ In the Matter of DELORES BRYANT et al., Respondents, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent.—Judgment unanimously affirmed, without costs. Memorandum: This is an appeal by respondent Abe Lavine, as Commissioner of New York State Department of Social Services, from a judgment of Supreme Court, Monroe County, which judgment, *inter alia:* (a) vacated the fair hearing determination of appellant Commissioner affirming the authority of the Director of the Monroe County Department of Social Services to recoup additional allowances given to petitioners, at their request, to restore or prevent discontinuance of utility services; (b) declared 18 NYCRR 352.7(g)(5), which directs such recoupment, inapplicable in the circumstances of the instant case; and (c) adjudged 18 NYCRR 372.2(c), which provides for denial of "emergency assistance" where "destitution" is due to loss, theft, or diversion of a public assistance grant previously made, invalid and unenforceable. Petitioners are recipients of public assistance in the category of "Aid to Families with Dependent Children" pursuant to section 601 *et seq.* of title 42 of the United States Code and section 343 *et seq.* of the New York Social Services Law. Due to their respective budgetary inadequacies (there being no proof of bad faith diversion), they became delinquent in the payment of their utility bills with resulting actual or threatened termination of service. Upon application to the department, special allowances were granted to satisfy the delinquent utility bills conditioned upon installment deductions from the respective petitioners' future benefit payments. These deductions are made pursuant to 18 NYCRR 352.7(g)(5) providing for recoupment of advance allowance made to pay utility bills to avoid shutoff or obtain restoration of service for which a grant had previously been issued. Application of the principles enunciated by the Court of Appeals in *Domine v Schreck* (37 NY2d 42) is dispositive in affirming the judgment. Special Term properly rejected appellant's premise of recoupment authority pursuant to 18 NYCRR 352.7(g)(5), in its determination that the subject allowance was an "emergency assistance" grant under Federal and State statute (US Code, tit 42, § 606, subd [e], par [1]; Social Services Law, § 350-j), for which grant petitioners were not disqualified, as urged by appellant in reliance upon 18 NYCRR 372.2(c), which regulation forecloses emergency assistance grants where "destitution is due to * * * diversion of a grant already made." As was held in *Domine (supra),* said subdivision (c) of regulation 372.2 as presently written is invalid and void in that it is in conflict with the provisions of section 350-j of the Social Services Law providing for emergency assistance grants, by adding a requirement not found in the existing State statute. Petitioners, therefore, on the record here presented were qualifiedly "destitute" and entitled to emergency assistance grants for payment of their respective delinquent utility bills. Being such an "emergency assistance" grant, 18 NYCRR 352.7(g)(5) relating to advance allowance for payment of utilities with

recoupment provision therein contained is not applicable. Under the facts here presented, there being no valid recoupment authority granted to the administrative department, the judgment is affirmed. (Appeal from judgment of Monroe Special Term, in article 78 proceeding to annul determination which withheld assistance.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.