In the Matter of ANNIE ADKIN, on Behalf of Herself and All Others Similarly Situated, Appellants, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Proceeding No. 1.)

In the Matter of GERALDINE RAY, on Behalf of Herself and All Others Similarly Situated, Appellants, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents. (Proceeding No. 2.)

Third Department, January 22, 1976

*Joel F. Spitzer* for Annie Adkin and another, appellants.

*Louis J. Lefkowitz, Attorney-General (Eileen A. Sullivan* and *Ruth Kessler Toch* of counsel), for Stephen Berger, respondent.

*Robert Roche, County Attorney (Stanley G. Walker, Jr.,* of counsel), for John Fahey, respondent.

MAIN, J. Instituted as class actions, these proceedings were brought to challenge the validity of two regulations of the Department of Social Services (18 NYCRR 352.7 [g] [5] and [7]). At all times relevant therein, these regulations provided for advance payments of public assistance to recipients thereof to prevent, respectively, utility shut-offs and evictions for nonpayment of rent, and said advances on future grants were issued at the request of the recipients and upon the condition that they would be recovered by means of equal deductions from the recipients' subsequent regular assistance grants.

In the cases of the present petitioners, they sought and were granted fair hearings upon their being notified of the local county agency's intention to recover the advance payments which they had received pursuant to the subject regulations, and the State Commissioner of Social Services affirmed the actions of the local agency. As a result, petitioners commenced these proceedings wherein they seek, *inter alia,* the invalidation of the regulations insofar as they authorize the recovery of the advance payments and the restoration to petitioners of the amounts by which their regular assistance grants have already been reduced in furtherance of this policy of recovery.

At Special Term, however, their petitions were found to be without merit and dismissed, and these appeals ensued.

We agree with Special Term. The advances received by petitioners were to pay their regular monthly rent and utility bills which were long past due. Clearly, they were not nonrecoverable emergency payments within the meaning and intent of section 350-j of the Social Services Law which: "was enacted to apply to sudden and unexplained emergency events (see N. Y. State Legis. Annual, 1968, p. 255; see, also, *Matter of Bates v. Wyman,* 36 AD2d 854; *Matter of Borders v. Nassau County Dept. of Social Servs.,* 34 AD2d 805; *Matter of Ross v Sipprell,* 71 Misc 2d 677, affd. 42 AD2d 691), and not to remedy the anticipated demands created as the result of everyday life" *(Matter of Baumes v Lavine,* 44 AD2d 336, 337, as quoted and affd in 38 NY2d 296 [Dec. 4, 1975]). Nor are they overpayments resulting from administrative errors of which the recipients very likely would have no knowledge and for which recovery would be unfair since the extra funds could easily be unwittingly dissipated. Rather, we are concerned here with recipients who, having already received assistance payments to cover their normal rent and utility costs, have sought and received additional sums for these same expenses, the original moneys supplied therefor being unavailable. It is to be noted that no satisfactory reason or excuse was presented by petitioners to explain the unavailability of the funds originally provided for the normal rent and utility bills. Furthermore, the recipients were notified that the advances would be recovered by subsequent installment deductions from their regular assistance grants and thus alerted to budget their funds accordingly. Neither mandated by nor conflicting with other Federal or State laws or regulations, this program of advance payments provides an effective means whereby petitioners and others similarly situated can allocate a greater proportion of their public assistance grants to the times when they are in greater need and yet, because of the subsequent recovery of the advances, receive no more than their proportionate share of the limited assistance funds available. As such, the program plainly provides a beneficial service in a reasonable manner, and it should be sustained.

In reaching this decision, we are not unmindful of the language of the Court of Appeals in *Baumes (supra)* to the effect that emergency assistance would be available to needy families with children who, in an emergency situation, are

threatened with eviction or a utility cut-off. What we cannot accept is that the present petitioners are in such an emergency situation because the record contains no evidence of "sudden and unexplained emergency events", but rather indicates that petitioners were unable to meet "the anticipated demands created as a result of everyday life" *(Baumes, supra)*, namely, the regular rent and utility bills. No extraordinary circumstances are presented to explain petitioners' troubles, and furthermore, since funds have been made available to them under the challenged regulations, petitioners are not without resources to overcome their present difficulties. Accordingly, were we to hold otherwise and rule that the advances are not recoverable, we would be needlessly encouraging fraud and mismanagement in the handling of assistance moneys by the recipients thereof and also undermining the flat grant method of providing assistance which was designed to uphold the dignity of individual recipients by permitting them to control their own affairs.

Finally, although our resolution of these appeals renders unnecessary consideration of petitioners' claim of entitlement to class action status, we would note briefly that it also is without merit because governmental operations are involved here and others similarly situated would be adequately protected under principles of *stare decisis (Matter of Rivera v Trimarco*, 36 NY2d 747).

The judgments should be affirmed, without costs.

HERLIHY, P. J., GREENBLOTT, KANE and KOREMAN, JJ., concur.

Judgments affirmed, without costs.