Harold J. Hughes, J.
These two proceedings were commenced by the Commissioner of the Albany County Department of Social Services, pursuant to CPLR article 78, to compel the Niagara Mohawk Power Corporation to restore utility service to two recipients of public assistance.
Emorgaie Tillman, a recipient of public assistance, has an arrearage of $1,434.96 owed to Niagara Mohawk and on May 18, 1977 the company shut off her utility service. The Albany County Department of Social Services then offered to pay Niagara Mohawk $477.80, the amount due for the past four months of service, and to guarantee future payments of her utility bills by making a direct voucher payment if Niagara Mohawk would restore service. Niagara Mohawk refused and *867 the department commenced this proceeding by order to show cause in which it obtained a temporary restraining order compelling respondent to provide utility service to Emorgaie Tillman pending the determination of this proceeding.
Mary White is also a recipient of public assistance, and Niagara Mohawk shut off her utility service because she had an arrearage of $448.64. The Department of Social Services offered to pay respondent $94.24 and to guarantee future payments by making voucher payments, but Niagara Mohawk refused to accept this offer. On June 3, 1977 an order to show cause was issued ordering respondent to provide utility service to Mary White pending the determination of this proceeding.
The issue of law in both proceedings is identical: whether or not Niagara Mohawk may properly terminate the utility service of a welfare recipient for nonpayment of arrears when the local department of social services guarantees it will pay all future utility bills.
The court first notes that these cases do not involve applications for utility services, but involve only the right of a gas or electric corporation to discontinue the supply of gas or electricity. For this reason, section 12 of the Transportation Corporations Law is not applicable, and section 15 thereof is the statute which must be construed by this court (see Matter of Rivera v Berger, 89 Misc 2d 586, 592).
Subdivision 2 of section 15 of the Transportation Corporations Law provides as follows: "It shall be unlawful for any gas or electric corporation to discontinue the supply of gas or electricity to any person or persons receiving public assistance, for nonpayment of bills rendered for service, if the payment for such service is to be paid directly by the department of social welfare or the public welfare official in such locality.”
The Commissioner of Social Services urges that this subdivision be construed to mean that a gas or electric corporation may not discontinue service to a person receiving public assistance, for nonpayment of past bills, so long as the local department of social services pays directly to the utility company amounts that become due for future services. Niagara Mohawk argues that it may discontinue service to a recipient of public assistance unless all arrears have been paid. Both parties rely on various rules of construction and legislative memoranda to support their positions. The court finds, however, that the statute is free from ambiguity, so that *868 resort to extrinsic means of interpretation is unwarranted (see McKinney’s Cons Laws of NY, Book 1, Statutes, § 76).
The statute plainly provides that it shall be unlawful for a gas or electric company to discontinue service to a person receiving public assistance, for nonpayment of bills rendered for service, if the payment for such service is to be paid directly by the department of social welfare. It is obvious that the phrase "bills rendered for service” refers to bills for past service; one is not billed for utility services that have not been provided. It is also obvious that the phrase "payment for such service” has reference to the immediately preceding phrase, i.e., to bills rendered for past service. Thus, the statute provides that it is unlawful to discontinue service only if the department of social welfare has committed itself to pay directly to the company all outstanding bills for utility service.* Upon a plain reading of the statute, therefore, this court is constrained to hold that Niagara Mohawk may properly discontinue utility service to a recipient of public assistance for nonpayment of bills for arrears, notwithstanding that the local department of social services has promised to directly pay all future bills (see Matter of Rivera v Berger, supra).
Accordingly, the petitions in both proceedings shall be dismissed, without costs.

 If If the services had been provided before the recipient had been on public assistance, which is not the case in these proceedings, then the department of social services would probably be required to pay amounts due only for the four-month period immediately preceding the month of application for utility service (see Transportation Corporations Law, § 12). However, as noted, the facts in these proceedings do not require a construction of that section.