■   In the Matter of FRANCES VAN BUREN, Individually and on Behalf of Her Infant Children, MAURICE CARLTON, and Another, Respondent, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, Respondent, and STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, Appellant.—In a proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State commissioner, dated December 10, 1975 and made after a fair hearing, as affirmed a determination by the respondent county commissioner that recoupment of an advance shelter allowance from petitioner's public assistance grant was proper, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 26, 1976, which (1) annulled the portion of the determination under review, (2) directed that the sum withheld as recoupment, $370, be refunded to petitioner and (3) directed that no further action be taken to recoup the amount in question. Judgment modified, on the law, by (1) deleting the first and third decretal paragraphs thereof, (2) deleting from the second decretal paragraph thereof the amount $370, and substituting therefor the amount $225, and (3) adding thereto a provision that, as so modified, the portion of the determination under review is confirmed. As so modified, judgment affirmed, without costs or disbursements. 18 NYCRR 352.7 (g) (7), which permits an advance allowance for rent to recipients of public assistance in order to prevent an eviction, conditioned upon the agreement to repay the advance from six future assistance grants, is valid *(Matter of Adkin v Berger,* 41 NY2d 1030, affg 50 AD2d 459; *Hagans v Berger,* 536 F2d 525). Recoupment in the present case was based, however, not on an agreement to recoup signed by petitioner, but upon one which her husband signed just before he abandoned the petitioner and her two children. Petitioner was told of the recoupment agreement when she applied for assistance for herself and the children. She denied knowledge of the request for the advance rent allowance (pursuant to 18 NYCRR 352.7 [g] [7]) and of her consent thereto. Her testimony at the fair hearing was that when her husband was in the house he paid the bills. After he began working, she was under the impression that all public assistance had ceased, for she no longer saw assistance checks in the mailbox. In fact, assistance was to terminate at the end of May, 1975 because the husband's earnings met the family's budgeted needs. The May, 1975 check, reduced by the amount of earned income and recoupment, was sent directly to the landlord. Five additional recoupments of $45 each, under the agreement the husband signed in March, 1975, were withheld from assistance checks paid to petitioner from June through October, 1975, when she was the head of the household.

Although petitioner and her husband signed a recertification form for assistance in March, 1975, evidently at their home, such a signing does not invalidate her denial that she was unaware either of continued assistance grants, once her husband was employed, or of the request for the advance allowance and permission to recover that advance by recoupment from subsequent checks. In the face of her plausible denial of the existence of the agreement to recoup, since she relied upon her husband to pay the bills, which she also did not see, petitioner's liability for the recoupment must be based on more evidence than was presented by the county department of social services at the fair hearing. Recoupment from the assistance checks that were paid to petitioner after her husband left the household (from June, 1975 through Oct., 1975) was, therefore, improper. Accordingly, we have modified the judgment to direct that the sum thus withheld, $225, be refunded to petitioner. Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.