■ In the Matter of Betty Coleman et al., Respondents-Appellants, v Stephen Berger, as Acting Commissioner of the New York State Department of Social Services, et al., Appellants-Respondents.—Judgment unanimously reversed, on the law, without costs, and petitions dismissed. Memorandum: Petitioners are recipients of public assistance in the aid to families with dependent children category and each obtained additional funds in the form of "advance allowance[s]" (18 NYCRR 352.7 [g] [5]) from the Monroe County Department of Social Services to pay their past-due utility bills in order to prevent the cutoff of services. Upon notification by the county agency that the amount of the advances would be deducted from their future grants, each petitioner sought and obtained a fair hearing. The Acting State Commissioner of Social Services upheld the determination of the county department, and petitioners commenced this article 78 proceeding seeking, *inter alia,* the annulment of the decisions to recoup the advance payments. Petitioners contend that they were entitled to nonrecoverable "emergency assistance" payments pursuant to section 350-j of the Social Services Law rather than advance allowances which, it is said, they were compelled to apply for under an arbitrary and unlawful policy of the State Commissioner of Social Services. In that connection, they urge the invalidity of a regulation adopted by the commissioner which requires that emergency assistance shall only be provided to applicants whose "needs cannot be met under Part 352 of this Title by an advance allowance" (18 NYCRR 372.2 [a] [2]). It is argued that the regulation is void as being "in conflict with the provisions of section 350-j of the Social Services Law providing for emergency assistance grants, by adding a requirement not found in the existing State statute" *(Matter of Bryant v Lavine,* 49 AD2d 673, mot for lv to app den 38 NY2d 707). At the time of the passage of section 350-j of the Social Services Law, the grant of emergency assistance to prevent the "cut-off of utilities" was specifically within the contemplation of the Legislature (NY Legis Ann, 1968, p 255). Thus, to the extent that the regulation might be interpreted as establishing an inflexible policy of "the summary denial of [emergency] assistance without regard to the * * * actual destitute circumstances of the people intended to be protected by the act", it would be invalid *(Matter of Jones v Berman,* 37 NY2d 42, 52-53). In the circumstances here, however, it is unnecessary to reach such a determination. In *Matter of Adkin v Berger* (50 AD2d 459, affd on opn at App Div [Main, J.], 41 NY2d 1030), it was held that advances made to pay utility bills which were past due only because the moneys originally provided for such expenses were unavailable, did not constitute nonrecoverable emergency payments within the meaning of section 350-j of the Social Services Law. Where, as here, adequate assistance has been provided to defray normal utility costs and no sound reason is offered to justify the failure to pay for such service, the recipients are not entitled to nonrecoverable advances *(Hagans v Berger,* 536 F2d 525; *Matter of Adkin v Berger, supra).* Despite a full opportunity to have done so, petitioners offered no evidence that their utilities were to be shut off because of "extraordinary circumstances not attributable to the

fault of the recipient[s]" *(Davis v Smith,* 431 F Supp 1206, 1212). Nor do petitioners claim that the amount of their public assistance was inadequate to pay their utility bills (see *Matter of Bryant v Lavine, supra).* Accordingly, we conclude that they were simply unable to meet "the anticipated demands created as the result of everyday life" *(Baumes v Lavine,* 38 NY2d 296, 304) and that the advances, therefore, were not nonrecoverable emergency payments within the meaning and intent of the Social Services Law. "To hold otherwise * * * would be needlessly encouraging fraud and mismanagement in the handling of assistance moneys by the recipients thereof and also undermining the flat grant method of providing assistance which was designed to uphold the dignity of individual recipients by permitting them to control their own affairs." *(Matter of Adkin v Berger,* 50 AD2d 459, 462, *supra.)* (Appeals from judgment of Monroe Supreme Court—art 78.) Present —Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.