In the Matter of SHIRLEY GUILES, Appellant, v PHILIP TOIA, as Commissioner, New York State Department of Social Services, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: The emergency claimed by petitioner arose through the action of the Syracuse Housing Authority in threatening the imminent eviction of petitioner for failure to pay a two-year-old rental arrearage. This would not appear to be an emergency but rather the anticipated and expected outcome of failure to pay the arrearage for two years. Petitioner asserts that she failed to pay her rent because the man with whom she was living diverted her grant some two years prior to the threatened eviction. This would not

appear to be a sudden and unexplained emergency event for which section 350-j of the Social Services Law is designed *(Baumes v Lavine,* 38 NY2d 296). The Court of Appeals affirmed the Appellate Division, Third Department, in *Matter of Adkin v Berger* (50 AD2d 459, affd 41 NY2d 1030) which held that failure to pay utility bills and rent which leads to a threatened cutoff of utility services or eviction does not result from an emergency situation where there was a failure to pay for the utilities or rent from the public assistance budget. Since funds properly were made available under 18 NYCRR 352.7 (g) (7) as an advance allowance, petitioner is not without the funds to avoid eviction and hence is not destitute and faced with an emergency *(Matter of Adkin v Berger, supra,* p 462). (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Marsh, P. J., Moule, Simons, Dillon and Denman, JJ.