In the Matter of PHOEBE GYDER et al., Appellants, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents.

Fourth Department, July 13, 1979

**APPEARANCES OF COUNSEL**

*Michael Daley* for appellants.

*Robert Abrams, Attorney-General (Anne Meadvin* of counsel), for Barbara Blum, respondent.

*James H. Hughes (Nancy Jones* of counsel), for John L. Lascaris, respondent.

### OPINION OF THE COURT

DOERR, J.

Petitioner Gyder receives public assistance for herself and her four children from the Onondaga County Department of Social Services (local agency). In January, 1978 the sole source of income for this family unit was a monthly public assistance grant comprised of a residual needs allowance of $318, a housing allowance of $140 and a fuel for heat allowance of $54. The annual utilities billing as determined by the local agency amounted to $1,120 although the utility allowance in the welfare grant totaled $649.51 per year. In the calendar year 1977 payments were made to Niagara Mohawk in the amount of $875.67. On January 31 and February 2, 1978 petitioner approached the local agency for assistance in order to prevent a shutoff of the Niagara Mohawk service. There was also a request for an additional fuel allowance and, if necessary, payment of back bills by a grant of emergency assistance to families based upon an alleged unusually poor construction of the house in which the family was living and the exceptionally severe weather of that winter. The local agency had the house checked over by an inspector who found problems basically of maintenance resulting in a finding by the local agency that such house was not of unusually poor construction qualifying petitioner for an excess heat allowance.

The application for an additional fuel allowance and grant of emergency assistance was denied by the local agency which then issued petitioner a recoupable advance allowance and placed her in the Niagara Mohawk Power Corporation allowance payment plan (NMPCAPP), a system devised by the local agency in co-operation with Niagara Mohawk for the payment of public assistance recipients' recurring monthly utility bills by direct vendor payment. For placement in such plan the local agency obtains from Niagara Mohawk an estimate of the recipient's total annual utilities billing, then devises a schedule of monthly payments for such amount and makes vendor payments to Niagara Mohawk in accordance with such schedule. The public assistance grant of the recipient is then

reduced so as to effectuate a recoupment of the full amount of each monthly vendor payment. As a result petitioner's public assistance grant was reduced by the $54 per month fuel for heat allowance which was paid directly to Niagara Mohawk; $57 per month was removed from the residual needs allowance for direct payment to Niagara Mohawk with an additional $35.60 removed from the residual needs allowance in recoupment of the advance allowance. Thus, petitioner's residual needs allowance was reduced from $318 per month to $225.40 per month. Petitioner requested and received a fair hearing which affirmed the determination of the local agency in a decision of respondent Blum rendered April 25, 1978.

Petitioner Williams receives public assistance with a monthly grant for herself and four children from the Onondaga County Department of Social Services which, since January, 1977, has comprised a residual needs allowance of $318, a shelter allowance of $96 and a fuel for heat allowance of $54. Her annual utilities billing was estimated at $1,264.02 while the welfare utilities allowance totaled $641.78. In January, 1977 being in arrears on her electric bills and citing the unusually severe winter as her reason she contacted the local agency for assistance in preventing a termination of Niagara Mohawk service. The local agency immediately responded with payment to Niagara Mohawk with the equivalent of four months' arrearage and began recouping that amount from petitioner's monthly cash grant. In September, 1977 she was placed in the NMPCAPP and under that system the local agency began making direct vendor payments of the current utility expenses which reduced the cash grant from $468 per month to $345 per month, after removal of the $54 per month fuel for heat allowance and $69 per month from the residual needs allowance. The challenge to such local agency determination was affirmed in a decision after fair hearing by respondent Blum dated April 6, 1978 which held petitioner had demonstrated difficulty in paying utility bills; that an emergency had not been established sufficient to entitle an emergency assistance for families grant; that she had not established the necessary conditions prescribed by Department of Social Services section 352.5 (c) of title 18 of the Official Compilation of Codes, Rules and Regulations of the State of New York so as to qualify for an excess fuel allowance and concluded that the local agency's determination to place her under the NMPCAPP was proper.

Both petitioners then joined in this CPLR article 78 proceeding, individually and on behalf of all those similarly situated, challenging the local agency policy where welfare recipient families are faced with termination of Niagara Mohawk's utility service. Special Term dismissed the petitions with a direction to respondent Lascaris to include a notice of fair hearing in the agency's form issued to recipients of public assistance placed in the Niagara Mohawk Power Corporation allowance payment plan.

Entitlement to an additional fuel for heat allowance is governed by 18 NYCRR 352.5 (c) which provides: "An additional allowance for fuel shall be granted when made necessary by exceptionally severe weather, overly exposed location or unusually poor construction of a dwelling, or by reasons of poor health".

■ ■ Petitioner Gyder claimed eligibility thereunder based upon exceptionally severe winter weather and unusually poor construction of her dwelling but offered no proof on either issue. As pointed out, an investigation of the poor home construction claim was made by the local agency and the findings were contrary to petitioner's allegations. Based upon such findings the local agency's interpretation and application of 18 NYCRR 352.5 (c) is not irrational nor unreasonable and should be upheld (*Matter of Barie v Lavine,* 40 NY2d 565; *Matter of Howard v Wyman,* 28 NY2d 434, 438; McKinney's Cons Laws of NY, Book 1, Statutes, § 129). Petitioners have not met "the burden of showing their eligibility in all respects" (*Lavine v Milne,* 424 US 577, 582-583) and such burden is even more important when petitioners are seeking additional benefits (*Matter of Woodley v Lavine,* 54 AD2d 912). Nor do we find petitioners entitled to emergency assistance granted pursuant to section 350-j of the Social Services Law or the regulations governing eligibility under that statute as promulgated by the New York State Department of Social Services in 18 NYCRR 372.2.

■ The authority of the local agency to provide and recoup advance payments for utilities already furnished in order to prevent shutoff or to restore service is provided by 18 NYCRR 352.7 (g) (5), and the validity of that regulation has been upheld (*Matter of Adkin v Berger,* 50 AD2d 459, affd 41 NY2d 1030; *Hagans v Berger,* 536 F2d 525; see, also, *Matter of Reyes v Dumpson,* 40 NY2d 725). Petitioners were not confronted with a sudden and unexplained emergency event entitling

them to emergency assistance, and both, with a past history of delinquency in payment of their utility bills, have admitted to an inability to manage their funds. Under such circumstances it has been held that an emergency situation is not present and that any funds advanced by the agency could be recouped *(Baumes v Lavine,* 38 NY2d 296, 303-305; *Matter of Adkin v Berger, supra; Matter of Coleman v Berger,* 60 AD2d 758; *Matter of John v Toia,* 60 AD2d 765).

These appeals have resulted in substantial part from the low level of authorized allowances for heat. This serious problem which has been exacerbated by increased fuel costs deserves immediate legislative attention.

We have examined the remaining contentions raised on this appeal and find them to be without merit. The judgment in each case should be affirmed.

SIMONS, J. P., HANCOCK, JR., CALLAHAN and MOULE, JJ., concur.

Judgment unanimously affirmed, without costs.