■ ADELINE TROCHE, Petitioner, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents. (Matter No. 1.) ADELINE TROCHE, Respondent, v ORANGE & ROCKLAND UTILITIES, INC., Appellant. (Matter No. 2.)—In an action (Matter No. 2), *inter alia,* to declare that subdivision 2 of section 15 of the Transportation Corporations Law requires defendant to furnish electric and gas service to plaintiff provided the Department of Social Services makes direct payment for such services to defendant, and to enjoin defendant from refusing or failing to supply utility service to plaintiff so long as payment for current service is made directly to defendant by the Orange County Department of Social Services, defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Orange County, dated November 8, 1979, as granted plaintiff's motion for a temporary injunction, directed defendant to continue to supply utility service to plaintiff, and denied its cross motion for summary judgment except that the court ordered that so long as plaintiff continues to receive aid from any Department of Social Services, payment of her utility bills shall be by direct payment or voucher of such department to defendant. The State Commissioner of Social Services is granted leave to appear *amicus curiae.* Order and judgment affirmed insofar as appealed from, without costs or disbursements, on condition that the arrears due defendant are paid. Plaintiff's time to make the payment is extended until 30 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry thereof. In the event the condition is not complied with, then order and judgment reversed insofar as appealed from, on the law, without costs or disbursements, temporary injunction vacated, and cross motion granted. Since plaintiff, a recipient of public assistance, had not paid the arrears owed by her and the Department of Social Services had declined to do so, defendant was entitled to discontinue service to plaintiff (see *Matter of Rivera v Berger,* 89 Misc 2d 586, affd 60 AD2d 605). Hopkins, J. P., Titone, Margett and Weinstein, JJ., concur.