■ In the Matter of LINDA MOORE, Petitioner, v JAMES E. KIRBY, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent State Commissioner of Social Services, dated August 28, 1979, as, after a statutory fair hearing, affirmed a determination of the local agency to recoup a fuel allowance given to petitioner. Determination confirmed insofar as reviewed, and proceeding dismissed on the merits, without costs or disbursements. Petitioner, a minor living with her parents, was the recipient of a grant of public assistance in the category of aid to dependent children for the benefit of her three children. In April, 1979, after moving into a new residence, the petitioner received an advance allowance to purchase fuel oil. Subsequently, the local agency notified her that her public assistance grant would be reduced by 10% each month to recover the advance payment. Petitioner contends that she was entitled to a nonrecoverable emergency assistance payment pursuant to section 350-j of the Social Services Law, rather than the recoverable advance allowance (see 18 NYCRR 352.7 [g] [5]) that she claims she was compelled to apply for by the agency. Section 350-j of the Social Services Law was enacted to apply to

" 'sudden and unexplained emergency events * * * and not to remedy the anticipated demands created as the result of everyday life' " (see *Baumes v Lavine,* 38 NY2d 296, 304). Advances made to pay normal utility bills do not constitute nonrecoverable payments within the meaning of section 350-j (see *Matter of Adkin v Berger,* 41 NY2d 1030, affg 50 AD2d 459 on the opn at the App Div). Accordingly, the agency may recoup petitioner's fuel oil advance pursuant to 18 NYCRR 352.7 (g) (5) (see *Matter of Christian v Buscaglia,* 73 AD2d 1045). We also note that there was no issue raised by petitioner as to whether the determination was supported by substantial evidence. Thus, this proceeding was improperly transferred to this court (see CPLR 7803, subd 4; 7804, subd [g]). However, once transferred this court may decide the merits of the proceeding, rather than retransfer it (see *Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180). Damiani, J.P., Lazer, Gibbons and Cohalan, JJ., concur.