■ In the Matter of Paula Thomas, Respondent, v Barbara Blum, as Commissioner of the New York State Department of Social Services, Appellant, and James Krauskopf, as Commissioner of New York City Department of Social Services, et al., Respondents. — In a proceeding pursuant to CPLR

article 78 to review a determination of the New York State Commissioner of Social Services, which, after a statutory fair hearing, affirmed a determination of the local agency denying petitioner's application for a grant of Emergency Assistance for Needy Families with Children, the State Commissioner appeals from a judgment of the Supreme Court, Kings County (Adler, J.), dated December 3, 1981, which granted the petition. Judgment affirmed, without costs or disbursements. Petitioner, a recipient of public assistance in the category of Aid to Families with Dependent Children, did not pay her utility bills. In October, 1980, she sought and received from the local agency an advance of $646.59 in order to avert the termination by the Brooklyn Union Gas Company of gas supply for heating, hot water and cooking. She again failed to pay her gas bills and in February, 1981 was threatened with the termination of service. Petitioner applied for a grant of Emergency Assistance for Needy Families with Children and for a regular recurring fuel allowance. After the local agency denied her application, she requested a fair hearing. The sole issue which was permitted to be addressed at the fair hearing was the emergency grant. The evidence showed that petitioner did not receive a monthly fuel allowance and that her heating bills for the period of October 2, 1980 to February 2, 1981 totaled $953.84. There was no explanation for the unusually large amount of gas used, and there is no evidence that the agency ever investigated or offered to investigate the cause of this high rate of gas consumption; nor was there any evidence that the agency had offered to assist petitioner to find more affordable housing. Under these circumstances, the agency improperly denied petitioner's request for assistance. This case is clearly distinguishable from cases where the petitioner's predicament resulted from nonpayment of bills for which the petitioner had received an award, but had dissipated the funds on expenses other than those for which the money was earmarked. (See *Matter of Adkin v Berger,* 50 AD2d 459, affd 41 NY2d 1030; *Matter of Guiles v Toia,* 60 AD2d 784.) Here, funds were never made available to petitioner for payment of her utility bills. As a result, this is not a case where the grant money was mismanaged. Gibbons, J. P., Gulotta, O'Connor and Boyers, JJ., concur.