■ ADELINE TROCHE, Appellant, v BARBARA BLUM, Individually and as Commissioner of the New York State Department of Social Services, et al., Respondents. (And a Second Proceeding.) — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated May 1, 1979 and made after a statutory fair hearing, which affirmed determinations of the local agencies denying petitioner public assistance to pay her past and future bills to Orange and Rockland Utilities, Inc., petitioner appeals from so much of a judgment of the Supreme Court, Orange County (Green, J.), entered December 28, 1979, as dismissed that branch of her petition which demanded that respondents local agencies pay her arrears to said utility. Judgment modified, as a matter of discretion, by deleting the provision authorizing direct payment. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Petitioner and her two children are recipients of a grant under the Aid to Families with Dependent Children (AFDC) Program. It is the intention of the Department of Social Services that part of the grant be used to pay petitioner's utility bills. However, she failed to pay Orange and Rockland Utilities her bills which accrued during the period from March, 1977 until September, 1978, and then, after receiving a notice warning of a discontinuance of utility service, she sought aid from respondent Sullivan County Department of Social Services. Petitioner was told by a caseworker that she was not entitled to assistance, but apparently was not informed of her possible rights to utility payments under 18 NYCRR 352.7 (g) (5). Her arrears continued to accumulate, and the utility sent her a notice warning that it planned to discontinue service in January, 1979 unless it was paid $2,257.41. Petitioner thereupon brought an action against the utility seeking to enjoin it from discontinuing service to her, and,

in addition, commenced this proceeding against the local and State social services agencies, seeking to review their denials of her requests that they pay her past and future utility bills. In the action against the utility, this court upheld the right of the utility to discontinue service unless the amount due was paid within 30 days (see *Troche v Blum,* 78 AD2d 678); this sum has not been paid. In the judgment under review, Special Term directed that petitioner's future utility bills be paid either by direct or voucher payment, but dismissed the petition insofar as it requested that respondents pay arrears. Except as to the manner of payment, we affirm that judgment insofar as appealed from. The failure of respondent Sullivan County Department of Social Services to inform petitioner, in September, 1978, of her possible rights under 18 NYCRR 352.7 (g) (5) did not preclude petitioner from obtaining assistance to which she may have been entitled. Aid under that provision is available only for utility service furnished in the same dwelling in which the applicant resides, whereas petitioner had, at that time, just moved from Sullivan County to Orange County. Thus, petitioner was not entitled to assistance under that provision. Furthermore, petitioner has not demonstrated that she was entitled to emergency assistance pursuant to section 350-j of the Social Services Law, because the inability to pay common household bills does not constitute an emergency (see *Baumes v Lavine,* 38 NY2d 296; *Matter of Adkin v Berger,* 50 AD2d 459, affd 41 NY2d 1030; *Matter of Moore v Kirby,* 81 AD2d 836). In addition, we note that the court in *Harrell v Consolidated Edison Co. of N. Y.* (91 Misc 2d 714) held that a utility may be estopped from entering judgment for arrears when it voluntarily elects to continue to provide service to a customer after the customer fails to make payments. However, we believe that under the facts herein, *Harrell* is inapplicable. Finally, we note that granting petitioner's request that respondents pay her utility arrears would amount to a grant of duplicate assistance, since it was contemplated that part of the sum she received as her AFDC grant would be used for utility expenses. In this connection, subdivision 11 of section 131 of the Social Services Law, while authorizing the social services officials to furnish duplicate assistance, provides that "in no event shall such officials be required to furnish such assistance". While the utility is entitled to reduce the amount of accumulated arrears to a judgment, such judgment would be exempt from collection for so long as petitioner continues to receive public assistance, or would become in need thereof if the collection were made (see Social Services Law, third § 131-p, subd 6). We further note that, subsequent to this court's earlier decision in *Troche v Blum (supra),* the Legislature enacted section 65-b of the Public Service Law (L 1981, ch 895, § 2). Pursuant to that section, as long as petitioner receives public assistance and the Department of Social Services pays her current utility bills, the utility may not discontinue service on the ground that there are unsatisfied arrears. Under the facts of this case, payment for utilities should be made through the voucher technique adopted by the State commissioner (see *Ingram v Fahey,* 78 Misc 2d 958, 961). Weinstein, J. P., O'Connor, Thompson and Boyers, JJ., concur.