■ In the Matter of MARY LEE, Appellant, v. GEORGE SIPPRELL, as Commissioner of the Erie County Department of Social Services, Respondent.— Judgment unanimously reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the following memorandum: Petitioner and her four minor children lived at 26 Wilson Street, Lackawanna, New York, from October, 1972 until October, 1973. Although she was receiving a monthly allowance for fuel as part of her public assistance check from the Erie County Department of Social Services, she claims that she received no fuel bill from the Iroquois Gas Corporation until June, 1973 at which time she was billed $239 for nine months of service. When petitioner moved to 95-B Wilmuth Avenue, Lackawanna, New York, in the latter part of 1973, the bill remained unpaid. In May, 1974 the Department of Social Services informed her that they would not pay the delinquent bill and, as a result, on July 11, 1974 petitioner's gas service was discontinued. The stoppage of gas service resulted in a loss of proper cooking and heating facilities, which constitutes destitution and thereby an emergency situation under section 350-j of the New York Social Services Law

(*Summers* v. *Wyman,* 64 Misc 2d 67, affd. 36 A D 2d 795; *Matter of Bryant* v. *Lavine,* 79 Misc 2d 425; *Ingram* v. *Fahey,* 78 Misc 2d 958; *Pitts* v. *Schreck,* 78 Misc 2d 784). However, respondent · Department of Social Services· refused to issue an emergency grant pursuant to section 350-j because of an administrative rule that emergency assistance shall not be provided when destitution is due to loss, theft or diversion of a grant already given (18 NYCRR 372.2 [c]). While we are not called upon to pass upon the validity of the regulation insofar as it refuses an emergency grant where destitution is due to loss or theft, we hold that it is not arbitrary to refuse an emergency grant otherwise mandated by both Federal and State statutes (U. S. Code, tit. 42, § 606, subd. [e], par. [1]; Social Services Law, § 350-j) if there has been a bad faith diversion of a grant already given. Although the bad faith diversion basis contained in regulation 18 NYCRR 372.2 (c) is valid, the Department of Social Services made no investigation to determine the reasonableness of petitioner's diversion of her fuel allowance before refusing to grant petitioner relief. Further, no procedure has been established by which a destitute petitioner will be granted an immediate and preferred hearing to determine entitlement to emergency need payment under section 350-j and to prevent the grave harm which could occur through failure to give immediate response to an emergency situation (see *Young* v. *Shuart* 39 A D 2d 724). It was, therefore, proper for petitioner to seek immediate judicial review of the department's denial and it was error for Special Term to dismiss the petition herein for failure to exhaust administrative remedies (*Summers* v. *Wyman,* 64 Misc 2d 67, supra; *Matter of Preston* v. *Barbaro,* 34 A D 2d 809, affg. 61 Misc 2d 327; *Matter of Borders* v. *Nassau County Dept. of Social Servs.,* 34 A D 2d 805). The proper procedure should have been to order an immediate court hearing to determine if a bad faith diversion of funds had occurred (see *Matter of Preston* v. *Barbaro,* 61 Misc 2d 327, affd. 34 A D 2d 809, supra). We are, therefore, remitting this case to Special Term for a hearing. If the court determines that there was no bad faith diversion of funds by petitioner, the emergency grant should be ordered. If, on the other hand, the court finds that petitioner acted in bad faith, the matter should be returned to the Department of Social Services for appropriate disposition. (Appeal from judgment of Erie Special Term in article 78 proceeding for emergency assistance.) Present — Marsh, P. J., Moule, Simons, Del Vecchio and Witmer, JJ.