■ JOSEPH COLAO, Respondent, v BRIGHTWATER TOWERS, INC., Defendant and Third-Party Plaintiff-Respondent. MUNRO WATER PROOFING, INC., Third-Party Defendant-Appellant. (And a Fourth-Party Action.) — In a personal injury action, the third-party defendant appeals from an order of the Supreme Court, Kings County (Composto, J.), dated April 2, 1981, which, *inter alia,* granted plaintiff's motion to set aside a jury verdict in his favor of $100,000 as inadequate and ordered a new trial on the question of damages, unless the third-party defendant agreed to pay $200,000. Order reversed, without costs or disbursements, motion to set aside verdict denied, and the verdict is reinstated. The record here discloses a rational basis for the jury's verdict of $67,000 for the plaintiff's loss of earnings due to the leg injury, which was the only injury he was found to have sustained. The award of $33,000 for pain and suffering was solely and properly within the province of the jury to make and should not be disturbed (see *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138; *James v Shanley,* 73 AD2d 752). Mangano, J. P., Gulotta, O'Connor and Bracken, JJ., concur.

■ COUNTY OF NASSAU, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. — In an action, *inter alia,* for a declaratory judgment, plaintiff appeals from an order of the Supreme Court, Nassau County (Robbins, J.), entered October 2, 1981, which, *inter alia,* granted defendant's motion, pursuant to CPLR 3211, to dismiss the complaint. Order reversed, on the law, without costs or disbursements, and motion granted to the extent of declaring that section 1277 of the Public Authorities Law requires the payment by Nassau County to the Metropolitan Transportation Authority of its bill for station maintenance costs regardless of whether the county disagrees with the amount claimed by the authority to be due and owing. The order of Special Term found that no justiciable controversy existed at the time to warrant a declaration of the rights and obligations of the parties pursuant to the provisions of section 1277 of the Public Authorities Law. We disagree. The issue presented in the complaint is the construction and application of section 1277 to an undisputed set of facts. The plaintiff, County of Nassau, in its complaint seeks a declaration that the defendant, Metropolitan Transportation Authority (MTA) is not entitled to payment of any portion of the costs demanded by MTA which is not properly a part of the cost of operation, maintenance and use of the Long Island Railroad stations in Nassau County for the fiscal year April 1, 1980 through March 31, 1981. On this appeal the plaintiff-appellant has addressed the substantive issues on the merits and requests that this court make the declaration requested in the complaint. Accordingly, the plaintiff has charted a course which permits this court, after review of the record, to grant summary judgment, pursuant to CPLR 3212, in favor of the defendant-respondent on the merits. We determine that section 1277 of the Public Authorities Law, in clear and unequivocal terms, requires payment to the MTA of its bill for station maintenance costs, even though the county may disagree as to the amount due and owing. Titone, J. P., Mangano, Bracken and Boyers, JJ., concur.

■ KENNETH DE ANGELIS, Respondent-Appellant, v PAMELA DE ANGELIS, Appellant-Respondent. — Appeals from a judgment of the Supreme Court, Queens County (Durante, J.), dated February 19, 1981, dismissed. Said judgment was superseded by a resettled judgment of the same court dated May 9, 1981. Resettled judgment affirmed. No opinion. Plaintiff is awarded one bill of costs. Weinstein, J. P., Brown, Niehoff and Boyers, JJ., concur.