■ In the Matter of CAROL LUCA, Individually and on Behalf of Three Minor Children, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated November 19, 1981 and made after a statutory fair hearing, which affirmed the determination of the local agency, denying petitioner's application for a grant of emergency assistance to needy families with children to be used for replacement of the heating unit in petitioner's home. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the matter is remitted to the Nassau County Department of Social Services for redetermination of petitioner's application for a grant of emergency assistance to needy families with children, up to a maximum of $500. On August 19, 1981, the Nassau County Department of Social Services denied petitioner's application for emergency assistance to needy families with children (EAF) for the purpose of replacing the heating unit in her home, which had malfunctioned. Petitioner had submitted to the agency two estimates of the cost of replacing the heating unit,

both of which exceeded $2,000. After a statutory fair hearing, the respondent State Commissioner of Social Services affirmed the determination of the local agency because the repair to petitioner's home heating unit exceeded $500 and the need for such repair did not result from a fire, flood or other like catastrophe. Thus, petitioner was ineligible for an EAF grant pursuant to 18 NYCRR 372.4 (b). On or about December 29, 1981, petitioner obtained a $2,000 loan from her church in order to pay for the replacement of the heating unit. We find that the determination must be annulled and the matter remitted to the Nassau County Department of Social Services on the ground that the applicable regulation (18 NYCRR 372.4 [b]) is in conflict with the provisions of section 350-j of the Social Services Law by adding a requirement not found in the statute (see *Matter of Jones v Berman,* 37 NY2d 42). Subdivision (b) of section 372.4 of the Department of Social Services regulations (18 NYCRR 372.4 [b]) provides as follows: "Payments made to meet the cost of repairs to recipient-owned homes shall not exceed $500, and such payments shall be made only when the repairs are essential for the health and safety of the recipient and the need for such repairs results from fire, flood, or other like catastrophe, provided provision therefor cannot otherwise be made." The State of New York provides EAF by virtue of section 350-j of the Social Services Law. Subdivision 3 of that section states that EAF shall be "provided to the extent of items of need and services set forth in section * * * one hundred thirty-one-a of this chapter". Subdivision 6 of section 131-a of the Social Services Law states that a social services official may make provisions for the replacement of necessary furniture and clothing (par [a]), the purchase of necessary and essential furniture needed for the establishment of a home (par [b]), the essential repair of heating equipment, cooking stoves, and refrigerators (par [c]), and day care (par [d]). Paragraph (a) limits the replacement of furniture and clothing to persons "who have suffered the loss of such items as the result of fire, flood or other like catastrophe". However, paragraph (c), relating to the essential repair of heating equipment, contains no such limitation. Thus, we conclude that, to the extent that the regulation (18 NYCRR 372.4 [b]) applies to essential repairs to heating equipment, it is invalid and void as presently written, in that it is in conflict with the provisions of section 131-a of the Social Services Law, as incorporated by section 350-j of the Social Services Law, by adding a requirement not found in the existing State statute (*Matter of Jones v Berman,* 37 NY2d 42, 53, *supra; Matter of Gaillard v Lavine,* 51 AD2d 181, app dsmd 40 NY2d 916; *Matter of Bryant v Lavine,* 49 AD2d 673, mot for lv to app den 38 NY2d 707; *Matter of Knudsen v Nassau County Dept. of Social Servs.,* 77 Misc 2d 402). We note that the breakdown of a home heating unit constitutes destitution and thereby an emergency situation under section 350-j of the Social Services Law (see *Matter of Lee v Sipprell,* 47 AD2d 593; *Matter of Rivera v Berger,* 89 Misc 2d 586, 594, affd 60 AD2d 605), for which a social services official must provide assistance. We further find that so much of the regulation as imposes a $500 limit on payments for repairs to recipient-owned homes is not violative of equal protection. A rational basis exists for this limitation. In order to maximize the number of families receiving EAF grants, a $500 limit on repairs to homes owned by persons such as petitioner is reasonable and constitutes a legitimate State interest (see *Dandridge v Williams,* 397 US 471; *Matter of Davis,* 57 NY2d 382; *Matter of Bernstein v Toia,* 43 NY2d 437). Thus, the matter must be remitted to the Nassau County Department of Social Services for a redetermination of petitioner's eligibility for an EAF grant, up to a maximum of $500. Finally, the fact that petitioner borrowed the money to replace her home heating unit does not preclude an award if petitioner is otherwise entitled to the grant (see *Matter of Yurich v Bernstein,* 75 AD2d 821). Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.