■ FLORA JOHN, Appellant, et al., Plaintiff, v SUPERMARKET GENERAL CORPORATION, Respondent.—In an action to recover damages for personal injuries, plaintiff Flora John appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Bellard, J.), entered April 9, 1985, which was in her favor, upon a jury verdict, in the principal amount of $20,000.

Judgment affirmed, with costs.

Plaintiff Flora John incurred a herniated lumbar disc as a result of a slip and fall in defendant's supermarket. In subsequent years she suffered additional pain and expenses when the injury was allegedly aggravated by her attempts to take such actions as lifting patients while working as a nurse. From the jury's award to Ms. John of $6,000 in lost earnings it can reasonably be inferred that they found defendant liable for the pain and expenses of the initial injury, but did not extend liability to the subsequent "aggravations", nor to a subsequent slip and fall at her place of employment. This determination must be upheld since it is not incorrect as a matter of law.

Because the jury limited damages to those arising directly from the original accident, their award of $14,000 for pain and suffering and $6,000 for lost earnings was reasonable *(see, Colao v Brightwater Towers,* 88 AD2d 580). Although remarks

made by opposing counsel during summation, suggesting that Flora John and her prior attorney had constructed a false case, might have been prejudicial *(see, e.g., Taormina v Goodman,* 63 AD2d 1018; *Bishin v New York Cent. R. R. Co.,* 20 AD2d 921), to the extent objected to, said remarks were followed by a curative instruction and the misconduct "did not prevent the careful consideration of the evidence by the jury and did not influence its verdict" *(Reilly v Wright,* 55 AD2d 544, 545). Such a conclusion is particularly warranted since the jury returned a verdict in favor of plaintiff Flora John. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.