■ FRANCIS PURCELL, as County Executive of Nassau County, et al., Appellants, v EDWARD REGAN, as Comptroller of the State of New York, et al., Respondents.—Mikoll, J. Appeal from an order and judgment of the Supreme Court at Special Term (Cobb, J.), entered December 23, 1985 in Albany County, which, *inter alia,* granted defendants' motions to dismiss the amended complaint.

Defendant Metropolitan Transportation Authority (MTA) is a public benefit corporation established to ensure the efficient transportation of commuters within the New York metropolitan area, which includes plaintiff Nassau County. During the fall and winter of 1983, pursuant to Public Authorities Law § 1277, defendant Comptroller began withholding from Nassau County portions of certain moneys that were appropriated by the Legislature for per capita assistance. This law provides that each county serviced by MTA be required every fiscal year to reimburse MTA for the costs incurred for the operation, maintenance and use of passenger stations within the particular county. It also empowers the Comptroller to recover the unpaid station costs by reducing State assistance to the locality by an equivalent amount from allocated State aid and to thereafter pay the money to MTA (Public Authorities Law § 1277). The State withheld $1,690,485 allegedly owed by Nassau County to MTA for station maintenance.

Plaintiffs originally commenced this action against the State and the Comptroller seeking to have Public Authorities Law § 1277 declared unconstitutional, to enjoin the Comptroller from further withholding such payments and to have the moneys already withheld from Nassau County returned. A motion by the Comptroller and the State to dismiss the complaint for lack of standing was denied. In February 1985, the parties stipulated to include MTA as a party.

Subsequently, the State and the Comptroller moved to reargue the issue of standing and moved to dismiss the complaint based· on the grounds that the controversy was not justiciable and the amended complaint failed to state a cause of action. MTA moved to dismiss on the additional ground that the action was barred by the doctrine of res judicata. Plaintiffs cross-moved for leave to serve a second amended complaint. Although Special Term granted the motion to reargue the issue of standing, it found no reason to change its earlier decision denying dismissal on that ground. The court then denied plaintiffs' cross motion for leave to serve a second amended complaint and granted defendants' motions to dismiss for failure to state a cause of action. Special Term ruled that Public Authorities Law § 1277 is constitutional and not in violation of the State Finance Law. The issue of res judicata was not reached. This appeal ensued.

There should be an affirmance. Plaintiffs had standing to bring the instant action. The doctrine of res judicata did not act as a bar to the maintenance of this action and Special Term properly held that the withholding provisions of Public Authorities Law § 1277 are constitutional.

The general rule, which is derived from the tradition of a State's sovereignty over its municipalities, is that a local government has no standing to challenge a statute that affects or restricts its governmental powers and duties, as opposed to its proprietary ones (see, Town of Black Brook v State of New York, 41 NY2d 486, 488; County of Albany v Hooker, 204 NY 1, 9-10). It appears that plaintiffs are not suing defendants on the theory that Nassau County should not have to pay MTA, but rather the litigation is based on the claim that the NY Constitution precluded the withholding provisions of Public Authorities Law § 1277 from being legal. Since plaintiffs are not challenging one of Nassau County's delegated governmental duties, Special Term's finding of standing is proper.

Defendants' argument that Nassau County has no "legal or equitable title" to the moneys in the fund until it fulfills its conditions precedent and pays MTA the moneys owed for station maintenance is irrelevant to this issue. Title in the fund is not a mandatory prerequisite to a finding of standing (see, County of Albany v Hooker, supra, p 18). It is sufficient that Nassau County is entitled to possession of the fund, which is in possession of another. Here, Nassau County has a claim of entitlement, irrespective of its merits.

MTA asserts that the issue of the constitutionality of Public

Authorities Law § 1277 could have been raised in prior litigation involving this section and, therefore, the doctrine of res judicata bars the claim. However, plaintiffs correctly counter that the issue of the withholding provisions were never pleaded nor involved in the earlier case of *County of Nassau v Metropolitan Transp. Auth.* (88 AD2d 580). The causes of action in *County of Nassau* and the case at bar are too dissimilar for res judicata to apply. A subsequent action will not be barred by res judicata where the nature or object of the second action is distinct from that in the prior action in which the judgment was rendered *(see,* 9 Carmody-Wait 2d, NY Prac § 63.203, at 207). The earlier cases involving Nassau County that were mentioned and relied on by MTA in its brief do not support its claim of res judicata, since the withholding provisions had not yet been enacted and, therefore, could not have been tested in those cases.

Finally, turning to the merits, Special Term properly rejected plaintiffs' contention that the withholding provisions of Public Authorities Law § 1277, along with the resulting withholding of such payments by the State, are in conflict with NY Constitution, article VII, § 8 and article XVII, § 1, and also in violation of State Finance Law § 43. Plaintiffs bear the heavy burden of showing the unconstitutionality of a statute *(see, Cook v City of Binghamton,* 48 NY2d 323, 330) and every legislative enactment carries a strong presumption of its constitutionality *(id.).* That burden has not been met nor has the presumption been overcome by plaintiffs in this case.

NY Constitution, article XVII, § 1 clearly requires the State to care for the needy but does not set forth any specific method of compliance. How the State distributes its public assistance responsibilities between itself and its localities is for the Legislature to determine *(see, Matter of Toia v Regan,* 54 AD2d 46, 56, *affd* 40 NY2d 837, *appeal dismissed* 429 US 1082). Further, the system for providing aid to the needy through the Social Services Law is distinct from the procedure whereby per capita aid is provided to the counties under State Finance Law § 54. Per capita aid can be used for any purpose and is placed in a general fund that can be used to meet local needs or hold down real property taxes. Special Term correctly determined, therefore, that the only viable way by which Nassau County could claim that the withholding provisions of Public Authorities Law § 1277 impaired its obligations to the needy was if it was at the limit of its constitutional taxing power and could not generate sufficient revenues to meet its social services obligations. It is significant that plain-

tiffs did not make such a claim at any time nor have they discussed Nassau County's financial condition in any fashion.

We find unpersuasive plaintiffs' contention that the with-holding provisions of Public Authorities Law § 1277 violate the mandate of State Finance Law § 43. Plaintiffs' argument appears to be that the moneys in question were appropriated to the counties and, thus, the State Finance Law mandates that such moneys may not be diverted to MTA to satisfy Nassau County's unpaid debt for station maintenance. This argument is premised on the incorrect assumption that the Legislature made the appropriations without full awareness of the provisions of both Public Authorities Law § 1277 and State Finance Law § 43. The Legislature is, itself, presumed to be aware of and act with knowledge of prior statutes in pari materia (see, McKinney's Cons Laws of NY, Book 1, Statutes § 222). A reading of both statutes indicates a clear legislative intent that the general per capita aid funds should be diverted to MTA in the event that a county fails to pay its station maintenance debt.

Order and judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.