OPINION OF THE COURT
Loren N. Brown, J.
This is an action for a declaratory judgment pursuant to *381 CPLR 3001 and a special proceeding pursuant to CPLR article 78 to obtain a judgment declaring Resolution No. 195 of 1986 of the Saratoga County Board of Supervisors to be null and void, to declare Tax Law § 1262 (c) to be unconstitutional to the extent that the statute provides for the allocation of county sales and use taxes by agreement between the county and its cities with the approval of the State Comptroller, to permanently enjoin the Comptroller from approving the agreements providing for the allocation of sales tax revenues pursuant to Tax Law § 1262 (c), and directing that following the expiration of the approval of the agreement now in effect, distribution of revenues shall be based in proportion to the respective populations of each local government within the county. The State defendant-respondent has moved to dismiss the action on the grounds that the plaintiffs-petitioners lack standing to bring this action, and that they have failed to join necessary parties.
In essence, the plaintiffs-petitioners claim that the Town of Moreau is not getting an appropriate share of the sales tax revenues raised by the applicable provisions of the Tax Law, and that they have standing to challenge the law and its application.
Pursuant to Tax Law § 1210, "any city in this state or county in this state, except a county wholly within a city, acting through its local legislative body, is * * * authorized and empowered to adopt and amend local laws, ordinances or resolutions” to impose "in any such city or county” a sales tax at specified rates. Tax Law § 1262 (c) and (d) provide for three ways by which the taxes raised pursuant to section 1210 may be disbursed to the localities. The method provided by section 1262 (d) is not relevant here. Section 1262 (c) provides that tax revenues may be apportioned to cities, towns and villages within the county according to their respective populations, or, alternatively, they may be allocated as agreed upon by the county and its cities subject to the approval of the State Comptroller. The method employed by Saratoga County and adopted by Resolution No. 195 of 1986 of the Saratoga County Board of Supervisors was the latter, and is subject to challenge by this action.
In this motion to dismiss, the court will first address the issue of standing. A party possesses standing when its personal or property rights will be directly and specifically affected by the complained of action. (Marcus v Village of Mamaroneck, 283 NY 325.)
*382 The general rule regarding suits against the State by a political subdivision of the State is that, absent certain exceptional circumstances, the subdivision has no standing to challenge the acts of the Legislature. (Riley v County of Monroe, 43 NY2d 144.) The town and its Board rely on several grounds for standing, including two exceptions to the general rule. Supervisor Congdon presents his own basis for possessing standing.
Addressing the exceptions to the rule relied upon by the town and Town Board, they rely first upon Matter of Jeter v Ellenville Cent. School Dist. (50 AD2d 366) and related cases, which hold that a local governmental unit may challenge the enforceability of a State statute which directly affects the tax funds of the local government. Second, standing is purportedly based on the claim that the statute violates NY Constitution article IX, the home rule article, and that the local government possesses standing to protect its home rule rights. (Town of Black Brook v State of New York, 41 NY2d 486.) Specifically, it is alleged that the local government is suing to protect its power to levy, collect and administer local taxes, a power which is guaranteed by NY Constitution, article IX, § 2 (0 (ii) (8).
In regard to the first exception, the town and its Board are creating a taxing power, and an interest in money, which does not exist. The ultimate power to tax belongs to the People. By their approval of the State Constitution, they vested the Legislature with the power to tax. (People ex rel. Griffin v Mayor of Brooklyn, 4 NY 419; Gautier v Ditmar, 204 NY 20.) The power vested in the Legislature cannot be delegated, except by the express terms of an enabling act. (County Sec. v Seacord, 278 NY 34.) The enabling act which empowered the localities to levy a sales tax can be found in Tax Law article 29, and by that enabling act, the only local authorities empowered to impose sales taxes are counties, cities and school districts. The taxes imposed are collected by the State Tax Commission, and are held in trust for the local taxing authorities. (Tax Law § 1261.) Therefore, insofar as sales taxes are concerned, the counties and cities have taxing power, not the towns of the county. The taxing authorities decide which formula will be used to disperse the funds accumulated. (Tax Law § 1262 [c].) The town has neither a say in this process nor a property right and cannot, under the Jeter exception (supra), claim to have standing to protect or collect its sales tax funds. As the Court of Appeals stated in People ex rel. Martin v Brown (55 NY 180, 187): "The money does not belong to the *383 town. It was not collected out of its corporate property or by its direction”.
The argument that the town is being deprived of its home rule power to levy, collect and administer local taxes and, therefore, has standing to challenge the State action is equally without merit. The town has never been empowered by the State Legislature to levy, collect or administer sales taxes.
In attempting to avoid the general rule that a political subdivision cannot sue the State, the plaintiffs-petitioners contend that this action is, after all, only a suit by one locality against another locality to challenge the way the latter applies a State statute, without challenging the Legislature’s authority to enact the legislation. The argument is purely an inexact description of this action. Saratoga County and the county’s cities are acting pursuant to a State statute and the power conferred thereby. There is no allegation that they are improperly applying that statute. A challenge to the method of computing sales tax allocations, of necessity, must be a challenge to the statute which gave the taxing authorities the power, and, as has been shown, the town and its Board have no standing to raise such a challenge.
Turning to the purported standing of Supervisor R. Gardner Congdon, the general rule followed is that a public official may challenge a statute only if that statute deprives him of rights in his official capacity or affects his duties. (Matter of Posner v Rockefeller, 33 AD2d 314.) Supervisor Congdon contends that Tax Law § 1262 (c) affects his duties as the Town Supervisor, because it interferes with his power as Treasurer of the town to "demand, collect, receive and have the care and custody of moneys belonging to or due the town from every source, except as otherwise provided by law”. (Town Law § 29 [1].)
Once again, the money sought by the plaintiff-petitioner town is not two funds, but sales tax funds, and the Supervisor, as Town Treasurer, has no standing to demand the sales tax funds, or to challenge the formula for deciding the amount to be allocated. (See, People ex rel. Martin v Brown, supra; Ross v Curtiss, 31 NY 606.)
In summary, the court finds that the plaintiffs-petitioners have no standing, and the motion to dismiss is granted on that ground. The court has examined the alternate ground for dismissal, failure to join a necessary party, and it finds it to be without merit.