In the Matter of CITY OF NEW YORK, Appellant, v C. MARK LAWTON, as Director of the Budget of the State of New York, et al., Respondents.

Third Department, May 14, 1987

### APPEARANCES OF COUNSEL

*Frederick A. O. Schwarz, Jr.,* Corporation Counsel *(Fay Leoussis* of counsel), for appellant.

*Robert Abrams,* Attorney-General *(Alan W. Rubenstein* of counsel), for respondents.

### OPINION OF THE COURT

MIKOLL, J.

This litigation concerns what, if any, reimbursement petitioner, the City of New York, is entitled to for the administrative costs of the Food Stamp (FS) program during the years 1979 through 1983, whether a 1983 amendment to Social Services Law § 95 should be applied retroactively and the methodologies to be used in calculating any such reimbursement.

The State Department of Social Services (State DSS) is responsible for administration and enforcement of Federally aided public assistance programs within the State (Social Services Law §§ 20, 29, 34, 95). The Department of Social Services of the Human Resources Administration of the City of New York (City DSS) is designated by the State to administer and enforce these programs within petitioner (Social Services Law §§ 56, 61, 62, 95). These programs include the FS program (Social Services Law § 95) and the Aid to Families with Dependent Children (AFDC) program (Social Services Law § 343 *et seq.*). The City DSS also administers and enforces within petitioner the State-enacted Home Relief (HR) program (Social Services Law § 157 *et seq.*). Petitioner is reimbursed for portions of the administrative costs of these programs by the State for HR and by both the State and Federal Governments for FS and AFDC. Since State reimbursement for administrative costs is 50% for FS and HR and 25% for AFDC, it was necessary to allocate these costs among the programs when, as is often the case, eligibility for FS and HR or AFDC is determined concurrently.

The original petition/complaint commencing this litigation was served on or about May 6, 1982. Petitioner sought mandamus to compel approval of regulations submitted by the State DSS to respondent Director of the Budget concerning allocation of the administrative costs of the programs and reimbursement by the State DSS of money due under those regulations. Alternatively, petitioner requested a declaration that any regulations approved include a time-sharing methodology

to allocate FS/AFDC administrative costs.* Respondents moved to dismiss the petition/complaint, alleging that Statewide Federal approval of allocation methodologies was required under Social Services Law § 95 (6) (a) before any reimbursements could be made and that such approval had not been made prior to enactment of Laws of 1983 (ch 22), which repealed Social Services Law § 95 (6) (a) retroactive to January 1, 1979. Respondents concluded that petitioner had no right to reimbursement. This motion was denied pending discovery.

In 1983, the Legislature amended Social Services Law § 95 (6) (a) retroactive to January 1, 1979. After enactment of this amendment petitioner began to request FS/AFDC reimbursement on an incremental methodology, which it interpreted the new law to mandate. The State rejected this construction and interpreted the statute to allow reimbursement by the State for all FS/AFDC administrative costs at 50% of the costs not reimbursed by the Federal Government.

Petitioner then submitted an amended petition/complaint in February 1985 requesting that if it were found that the prerequisites of Social Services Law § 95 (6) (a) as it existed from 1979 to 1983 had not been satisfied, the State be required to reimburse it pursuant to the alternative incremental methodology from July 1, 1979 to March 31, 1983 based on the 1979 amendment or declare that such reimbursement is required. For periods subsequent to March 31, 1983, petitioner requested that the State be required to reimburse it under Social Services Law § 95 (6) (a) as amended on an incremental basis or declare that such payment is required and mandate that payment for "pure" FS costs incurred in FS/AFDC administration under the 1983 amendment be made on the basis of the FS formula.

Respondents then moved to dismiss the amended petition/ complaint, arguing that the 1983 amendment proscribed any reimbursement for 1979 through 1983 and the statute did not require incremental methodology for periods subsequent to 1983. Special Term ruled the 1983 amendment retroactive, found that the Director of the Budget's approval of the reimbursement methodology was a discretionary act not subject to mandamus and dismissed the petition/complaint. This appeal by petitioner ensued.

Initially, respondents contend that petitioner lacks standing

---

* Allocation of FS/HR administrative costs are not at issue on this appeal.

to assert any rights under the 1979 version of Social Services Law § 95 (6) (a) because of its repeal by the 1983 amendment to that statute. Respondents argue that the 1983 amendment was expressly stated to be retroactive to January 1, 1979, effectively extinguishing any rights under the 1979 amendment, and a challenge to this retroactivity may only be brought upon constitutional grounds. Respondents reason that, since subdivisions of the State have no standing to challenge its actions on constitutional grounds, petitioner lacks standing to do so here.

The retroactivity of a statute which is expressly retroactive, as here, will generally be defeated only if such retroactivity would violate due process or some other specific constitutional precept *(Matter of Slewett & Farber v Board of Assessors,* 80 AD2d 186, 200, *mod on other grounds* 54 NY2d 547; *see,* 20 NY Jur 2d, Constitutional Law, § 292, at 438; *see also, Matter of Hodes v Axelrod,* 116 AD2d 75, 77, *lv granted* 68 NY2d 607). However, the Court of Appeals has established an exception to this rule, holding that a "court may deny an agency the benefit of a change in the law when it has intentionally or even negligently delayed action * * * until after the law had been amended" *(Matter of Faymor Dev. Co. v Board of Stds. & Appeals,* 45 NY2d 560, 565). This exception is based upon equity, not constitutional principles *(see, supra).* Petitioner also claims that the State's failure to act on its reimbursement denied it funds and that, therefore, its challenge is, in part, equitable.

In any event, the rule that a subdivision of the State has no standing to challenge acts of the Legislature is applicable only to situations in which the statute concerns the subdivision's governmental as opposed to proprietary rights *(see, Town of Black Brook v State of New York,* 41 NY2d 486, 488; *County of Albany v Hooker,* 204 NY 1; *Purcell v Regan,* 126 AD2d 849). Petitioner claims entitlement to a specific fund, a proprietary right, and thus has standing. The fact that this claim may prove meritless on a trial is irrelevant *(see, County of Albany v Hooker, supra; Purcell v Regan, supra).*

Respondents also raise the threshold issue that this court lacks subject matter jurisdiction over the claims asserted upon the 1979 amendment since its repeal left no basis for any declaratory or CPLR article 78 relief but only a claim of money which can be sustained only in the Court of Claims. This contention is rejected. The petition/complaint seeks an order mandating certain action by State officials based on a

duty established under statute, an invocation of mandamus *(see, e.g., Matter of Hamptons Hosp. & Med. Center v Moore,* 52 NY2d 88, 96). Twofold relief is sought. Petitioner requests action by the Director of the Budget compelling him to do an act he has failed to do, i.e., approve certain regulations presented for his approval. This portion of the case must be converted to an action for declaratory judgment since the basis of the proceeding to compel performance has been repealed, so that no clear *legal* right remains, although equity may require performance *(see, Matter of County of Oneida v Berle,* 49 NY2d 515, 521, n 4). There is also a challenge to the validity and construction of the 1983 amendment and the validity of the 1979 amendment. Declaratory judgment is also proper here *(see,* 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.21).

Respondents also urge that since the State has a substantial financial interest here it cannot be said to have waived immunity to suit *(see, Ferro v Lavine,* 79 Misc 2d 431, *affd* 46 AD2d 313). However, no request for money is made here, only a request for certain statutory interpretations. Accordingly, relief is appropriate in Supreme Court.

Turning to the merits, it appears that a question of fact exists concerning the retroactive application of the 1983 amendment. Petitioner argues that the "special circumstances" exception discussed earlier on the issue of standing *(see, Matter of Slewett & Farber v Board of Assessors,* 80 AD2d 186, 200, *supra)* is applicable here to prevent any retroactive enforcement of the amendment. Petitioner alleges that the Director of the Budget had no legitimate reason to refuse to approve the regulations. Respondents contend that the Director of the Budget failed to give approval because certain statutory prerequisites were not met, such as the failure of a United States Department of Agriculture determination of Federal financial participation for FS administrative costs for FS/HR applicants for periods prior to January 1, 1979 and commencement of payment of such moneys on a State-wide basis.

When interpretation or application of a statute by an agency includes a knowledge and understanding of underlying operational practices, it must be upheld if the agency has a rational basis for its interpretation *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451). There is no rational basis here for the agency's interpretation. Federal approval and commencement of payment to petitioner for periods prior to 1979

for FS administration costs based on methodology submitted as to FS/HR administrative costs for petitioner had occurred.

Respondents' argument that this was not sufficient to meet statutory prerequisites because (1) Federal funds were not maximized since not all moneys sought were reimbursed and (2) the plan had to be implemented State-wide, not just in petitioner, is rejected. Maximization of Federal funds depends on whether the maximum funds allowable, as determined by the Federal Government, were reimbursed, not on the original request for funds. Here, the maximum funds allowable as determined by the Federal Government were disbursed. Concerning the State-wide requirement, none is expressly stated in the statute and an agency may not, in the guise of implementing a statute, add a requirement not in the statute (see, *Matter of Jones v Berman,* 37 NY2d 42; *Matter of Luca v D'Elia,* 99 AD2d 778). Legislative history of the 1979 amendment not only makes no mention of a State-wide requirement, but couches the ramifications of the amendment in terms of petitioner and upstate, implying no State-wide requirement existed (see, mem of Department of Social Services, July 6, 1979, Governor's Bill Jacket, L 1979, ch 313). Further, correspondence between petitioner, State and Federal officials treats approval and implementation rates for petitioner separately from upstate ones. It appears then that the only prerequisite not fulfilled was approval of regulations by the Director of the Budget. Clearly, an issue of fact exists which must be determined before any declaration of the applicability of the 1979 amendment may be made. If approval was delayed without reason, the "special circumstances" exception will allow application of the 1979 amendment. There is evidence that the Director of the Budget merely stalled implementation without good reason and developed reasons to refuse implementation only because it was determined that the cost was too great. The latter reason appears to violate the legislative intent since the methodology presumably was enacted with knowledge of the cost to be incurred. The declaratory judgment action should therefore be remitted for further proceedings to determine this factual issue (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3001:16, at 366-367).

Finally, petitioner's contention that the 1983 amendment requires reimbursement pursuant to an "incremental" methodology is rejected. Respondents construe the statute as mandating that all FS/AFDC administrative costs be allocated

to the State, as was done pre-1979, with only FS administrative costs incurred processing FS claims allocated to FS. This dispute is over the definition of pure FS administrative costs and is within the particular expertise of respondents. Respondents' interpretation of same must be upheld if rational *(see, Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, *supra).* The language in the 1979 amendment used the same language in question in the 1983 amendment to allocate costs prior to 1979 (Social Services Law § 95 [6] [a] [i], [ii], repealed by L 1983, ch 22), indicating that the language in the 1983 amendment is meant to indicate a different methodology than the incremental one. Accordingly, respondents' interpretation cannot be said to be irrational.

Accordingly, the order and judgment should be modified, by reversing so much thereof as dismissed the petition/complaint, declared the rights of the parties under the 1979 amendment to Social Services Law § 95 and declared that the Director of the Budget could not be compelled to approve regulations under that amendment.

KANE, J. P., MAIN, CASEY and HARVEY, JJ., concur.

Order and judgment modified, on the law, without costs, by vacating the second, fourth and fifth decretal paragraphs thereof and by deleting the word "retroactive" from the first decretal paragraph thereof; matter remitted to Supreme Court for further proceedings not inconsistent herewith; and, as so modified, affirmed.