■ In the Matter of TOWN OF MOREAU et al., Appellants, v COUNTY OF SARATOGA et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Brown, J.), entered March 26, 1987 in Saratoga County, which, in a combined action and proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the complaint/petition for lack of standing.

Tax Law § 1262 (c) provides for the distribution of certain tax revenues to the various municipal subdivisions of a county either (1) in proportion to their respective populations or (2) pursuant to an agreement between a county and the cities within it, subject to approval by respondent State Comptroller. Pursuant to the latter option, respondent County of Saratoga (hereinafter the County) entered into such an agreement with the cities of the County, Saratoga Springs and Mechanicville, which agreement was approved by the Comptroller. Petitioners allege that under this agreement the allocation of sales and use tax revenues which petitioner Town of Moreau (hereinafter the Town) received in 1986 was $130,000 less than it would have received had the distribution been made in proportion to population. Petitioners brought this combined action for declaratory judgment and proceeding pursuant to CPLR article 78 asserting that the agreement is null and void, that Tax Law § 1262 (c) violates various provisions of the NY Constitution and that tax revenues should be allocated based upon population. Respondents moved to dismiss for lack of standing and failure to join the cities as necessary parties. Supreme Court found that standing was indeed lacking and dismissed the matter (134 Misc 2d 380). Petitioners appeal; we affirm.

As a general rule, a political subdivision of the State may not challenge the constitutionality of a State statute restricting the subdivision's governmental powers *(Town of Black Brook v State of New York,* 41 NY2d 486, 488). Citing *Purcell v Regan* (126 AD2d 849, 850, *lv denied* 69 NY2d 613) and *Matter of City of New York v Lawton* (128 AD2d 202, 206), petitioners argue that because they claim entitlement to a specific fund, they necessarily have standing. Merely asserting a claim to a particular sum of money does not, however, create the proprietary interest needed for standing *(see, County of Albany v Hooker,* 204 NY 1, 10). In both *Purcell* and *City of New York,* the local governments were vested with an entitlement to a specific fund by a statute which endowed them with a proprietary interest in the fund. Petitioners are not so favored for the Town is not entitled to receive any particular share of County sales tax revenues. Indeed, under Tax Law § 1262 a county may expend its tax revenues exclusively for educational and county purposes, or it may enter into an agreement with included cities whereby no tax revenues are allocated to the towns *(see also,* Tax Law §§ 1210, 1212 [cities, counties and school districts are authorized to impose sales and use taxes—towns are not so empowered]).

Manifestly, the Town has no proprietary interest in County tax revenues. Furthermore, petitioners' challenge is to the allocation of tax revenues, a fundamental governmental function. Hence, whether the fund being sought here is specifically identifiable is not dispositive of petitioners' standing to sue for they have no immediate right to possess that fund (see, County of Albany v Hooker, supra, at 18).

Petitioners' remaining arguments either have been fully addressed by Supreme Court or do not merit comment.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.