■ In the Matter of BEATRICE HAVRANEK, Individually and as President of the Ulster County Association of Town Supervisors, et al., Appellants, v RICHARD B. MATHEWS, as Chairman of the Ulster County Legislature, et al., Respondents.— Kane, J. P. Appeal from a judgment of the Supreme Court (McDermott, J.), entered December 8, 1988 in Albany County, which dismissed petitioners' application, in a combined action for declaratory judgment and proceeding pursuant to CPLR article 78, to, inter alia, challenge an agreement entered into by respondents Ulster County and City of Kingston regarding distribution of sales tax revenues.

Petitioners commenced this proceeding to, inter alia, challenge the constitutionality of Tax Law § 1262 (c) and annul certain agreements made pursuant thereto between respondents Ulster County and City of Kingston. Petitioners consisted of several towns located within the county, the Ulster County Association of Town Supervisors (hereinafter the Association) and Beatrice Havranek, individually and as president of the Association. The gravamen of petitioners' claim centers around Tax Law § 1262 (c), which provides for the distribution of certain tax revenues to a county and its municipal subdivisions. The petition challenged the county and the city in exercising their option to allocate sales tax revenues "in such other proportion as may be agreed upon by * * * the county and of each of the cities in the county with the approval of the state comptroller" (Tax Law § 1262 [c]). Supreme Court dismissed the petition for, inter alia, lack of standing and this appeal ensued.

We affirm. A town is "not entitled to receive any particular

share of County sales tax revenues" and "has no proprietary interest" therein *(Matter of Town of Moreau v County of Saratoga,* 142 AD2d 864, 865-866). Accordingly, Supreme Court properly dismissed the petition as brought by the towns and the Association for lack of standing *(see, supra).* We likewise reject Havranek's argument that she has standing as an individual taxpayer. To have standing in this instance, Havranek must demonstrate that she suffered injury as a result of the challenged statute's application *(see, Forward v Webster Cent. School Dist.,* 136 AD2d 277, 280, *appeal dismissed* 72 NY2d 908, *lv denied* 73 NY2d 740; *Matter of Daniel C.,* 99 AD2d 35, 42-44, *affd* 63 NY2d 927). We reject petitioners' view that the agreement between the county and the city, which allocates a higher percentage of sales tax revenues to the city than that given the towns within the county, constitutes a "rebate" to the city residents of their sales tax resulting in the imposition on town residents of a higher sales tax. Both city and town residents pay sales tax at the same rate; therefore, Havranek has failed to show the requisite injury. We summarily reject petitioners' remaining arguments regarding standing and, finding a lack thereof, do not reach the merits.

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.