OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In 1981, the Legislature enacted the "special traffic options program for driving while intoxicated” (STOP-DWI) whereby a participating county could receive fines and forfeitures collected by courts within that county for alcohol-related driving offenses (L 1981, ohs 910, 913; reenacted L 1988, ch 47; see, Vehicle and Traffic Law § 1197). The funds were to be used for law enforcement and education purposes in accordance with plans submitted to and approved by the Commissioner of Motor Vehicles, who had a continuing duty to monitor each county’s program.
In an effort to defray the Commissioner’s costs of administering the STOP-DWI program, the Legislature provided in *991 the 1990-1991 State Operations Budget that the State Comptroller shall “collect, withhold and receive” up to 2% of these revenues received “in any court,” to be deposited in the general fund. Plaintiffs, five participating counties and others, sought a declaratory judgment that this provision violated article V, § 1 of the State Constitution, which provides, in pertinent part, that the Legislature “shall assign to [the Comptroller] no administrative duties, excepting such as may be incidental to the performance of [the Comptroller’s constitutional] functions.”
Supreme Court assumed, without deciding, that plaintiffs had standing to challenge the budget provision (151 Misc 2d 552, 554), and the Appellate Division expressly held that the county plaintiffs had standing (173 AD2d 37, 40), applying a standard that court had previously enunciated (see, Matter of City of New York v Lawton, 128 AD2d 202, 206; Purcell v Regan, 126 AD2d 849, 850, Iv denied 69 NY2d 613). According to the Appellate Division, a county has standing to challenge allegedly invalid legislation when it has a proprietary claim of entitlement to a specific fund, and asserts that the legislation has impaired its entitlement to that fund (173 AD2d, at 40). We have not previously endorsed that concept of standing, nor —as the parties have framed the issue — is it necessary for us to consider the validity of that concept today.
The thrust of defendants’ standing argument on this appeal is that the counties lack standing because they cannot establish the requisite proprietary interest. According to defendants, the revenues are State, not county, funds. On the facts before us, defendants’ standing argument must be rejected. The STOP-DWI legislation having been neither amended nor repealed, the participating counties have a proprietary claim to the fines and forfeitures at issue, thus establishing standing, under the Appellate Division’s standard, to challenge the constitutionality of the Legislature’s assignment of administrative duties to the Comptroller.*
Turning to the merits, the counties concede that the Legislature, which has ultimate authority over the disposition of fines collected in this State, may reduce or even eliminate their share of the revenues. However, what is challenged here as unconstitutional is the methodology by which the Legisla *992 turc accomplished the "up to” 2% reduction — by assigning to the Comptroller duties assertedly not incidental to his constitutional duties and granting overbroad discretion to effect the reduction (compare, Hunter v Pittsburgh, 207 US 161, 179 [State Legislature, so long as it "conform(s) its action to the state constitution, may do as it will” with regard to political subdivisions] [emphasis added]). On these points, we agree for reasons stated by Justice Kahn at Supreme Court (151 Misc 2d 552, supra) and Justice Levine at the Appellate Division, that the budget provision at issue violates article V, § 1 of the State Constitution.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, with costs, in a memorandum.

 Thus it is unnecessary for us to consider whether the Rensselaer County STOP-DWI Coordinator and the STOP-DWI Coordinators’ Association independently have standing.