[638 NYS2d 496]

Blue Cross and Blue Shield of Central New York, Inc., et al., Appellants-Respondents, v H. Carl McCall, as Comptroller of the State of New York, et al., Respondents-Appellants.

Third Department, February 29, 1996

### APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning,* Albany *(Bartley J. Costello, III,* of counsel), for appellants-respondents.

*Dennis C. Vacco, Attorney-General,* Albany *(Michael S. Buskus* and *Peter H. Schiff* of counsel), for respondents-appellants.

### OPINION OF THE COURT

CASEY, J.

The dispositive issue on this appeal is whether the Legislature has the authority to assign to defendant Comptroller the power to conduct audits of plaintiffs, which are private health insurers subject to substantial State regulation to protect the public health and welfare. Plaintiffs contend that audits of private corporations fall outside the scope of the Comptroller's constitutional role as the chief financial officer of the State and, therefore, the Legislature cannot delegate that power to the Comptroller. Defendants contend that the Comptroller's role as the State auditor encompasses broad powers to conduct audits and that in the absence of any specific constitutional provision which prohibits the Legislature from authorizing additional auditing functions beyond those specified in the Constitution, the Legislature can do so. We agree with plaintiffs that the challenged legislation falls outside the scope of the Legislature's authority.

Plaintiffs are private not-for-profit corporations organized under Insurance Law article 43. The responsibility to conduct independent management and financial audits of corporations organized under Insurance Law article 43 was given to the Superintendent of Insurance by legislation enacted in 1992 (L 1992, ch 501, § 12; *see,* Insurance Law § 4308 [d], [e]). Pursuant to the State Operations Budget Bill for 1993-1994 (*see,* L 1993, ch 50), the Legislature authorized the Comptroller to conduct the audits permitted or required by Insurance Law article 43 and allocated funds to the Department of Audit and Control for that purpose.

During a claims audit conducted pursuant to the authority contained in the Budget Bill, the Deputy Comptroller issued a

subpoena deuces tecum to each plaintiff, seeking certain computerized claims history files. Plaintiffs objected to the broad subpoenas, and when the Comptroller refused to withdraw or modify the subpoenas plaintiffs commenced this action for a declaratory judgment and permanent injunction. Plaintiffs challenged (1) the constitutionality of the legislation which authorized the Comptroller to conduct the audits, (2) the Comptroller's authority to issue the subpoenas, and (3) the validity of the subpoenas themselves. Supreme Court rejected the first two arguments, but granted plaintiffs' application to strike the subpoenas as onerous and overly broad (166 Misc 2d 168). Plaintiffs appeal and defendants cross-appeal from Supreme Court's order.

The linchpin of defendants' argument is NY Constitution, article V, § 3, which contains the general authority for the Legislature to assign new powers and functions to departments and officers.[1] The Comptroller is clearly an officer within the meaning of NY Constitution, article V, § 3 and, therefore, according to defendants, the Legislature is authorized to assign to the Comptroller the new power to audit private health insurers because there is no limitation in the Constitution.

Plaintiffs make no claim that the Legislature could not authorize the audits at all. Rather, their claim in this action focuses on the Legislature's authority to assign the power to conduct the audits to the Comptroller. Plaintiffs rely on NY Constitution, article V, § 1, which provides, in pertinent part, that: "The comptroller shall be required: (1) to audit all vouchers before payment and all official accounts; (2) to audit the accrual and collection of all revenues and receipts; and (3) to prescribe such methods of accounting as are necessary for the performance of the foregoing duties. The payment of any money of the state, or of any money under its control, or the refund of any money paid to the state, except upon audit by the comptroller, shall be void * * *. *In such respect* the legislature shall define his powers and duties and may also assign to him: (1) supervision of the accounts of any political subdivision of the state; and (2) powers and duties pertaining to or connected with the assessment and taxation of real estate * * *. *The legislature shall assign to him no administrative*

---

1. NY Constitution, article V, § 3 provides, in pertinent part, that: "Subject to the limitations contained in this constitution, the legislature may from time to time assign by law new powers and functions to departments, officers, boards, commissions or executive offices of the governor, and increase, modify or diminish their powers and functions."

*duties, excepting such as may be incidental to the performance of these functions"* (emphasis supplied).

Most of the foregoing language was added to NY Constitution, article V, § 1 by constitutional amendment in 1925, and plaintiffs refer to historical evidence[2] which demonstrates that the purpose of the amendment was to prescribe the fundamental duties of the office of Comptroller and to protect the independent character of the Comptroller's functions of audit and control. The amendment accomplished this dual purpose, according to plaintiffs, by requiring the Comptroller to perform three fundamental duties inherent in the Comptroller's role as chief financial officer of the State and by requiring the Legislature to define the Comptroller's powers and duties "[i]n such respect", while authorizing the assignment of two specific additional duties.[3] Plaintiffs contend that the constitutional provisions which prescribe the Comptroller's duties and the Legislature's authority with respect to the prescribed duties are so comprehensive and specific that the Legislature has no authority with respect to the Comptroller other than that specifically conferred by the sentence in NY Constitution, article V, § 1 which begins with the phrase "[i]n such respect".

Defendants counter with the argument that if the sentence which begins with the phrase "[i]n such respect" was intended by the framers of the constitutional amendment to create the limitation on the Legislature's authority urged by plaintiffs, there would have been no need for the sentence which specifically prohibits the Legislature from assigning other than certain specified administrative duties to the Comptroller. According to defendants, the only constitutional limitation on the Legislature's authority with respect to the Comptroller is the express provision which prohibits the assignment of administrative duties and, therefore, pursuant to the general authority granted by NY Constitution, article V, § 3, the Legislature can assign additional powers and duties to the Comptroller so long as they do not constitute prohibited administrative duties.

The second step of defendants' argument focuses on the nature of the Comptroller's functions. Defendants point to evi-

2. Plaintiffs refer to a report by the State Reconstruction Commission on Retrenchment and Reorganization in the State Government, submitted to Governor Alfred E. Smith in 1919.

3. NY Constitution, article X, § 5 confers an additional duty on the Comptroller to supervise the accounts of public benefit corporations, but that provision does not grant the Legislature the authority to define the Comptroller's power and duties with respect to public corporations (*see, Patterson v Carey*, 41 NY2d 714, 723-725).

dence in the record and historical evidence that the Comptroller's auditing functions have always been considered as separate and distinct from other functions, which are administrative. Because the legislation at issue authorizes the Comptroller to engage in a function that involves auditing, defendants conclude that the prohibition of the assignment of administrative duties contained in NY Constitution, article V, § 1 is inapplicable and, therefore, the Legislature could act pursuant to NY Constitution, article V, § 3.

We agree with the first step of defendants' argument. The only constitutional limitation on the Legislature's general authority to assign additional powers and duties to the Comptroller as a State officer is contained in the express provision of NY Constitution, article V, § 1, which prohibits the assignment of administrative duties not incidental to the specified functions. If, as plaintiffs contend, the sentence in NY Constitution, article V, § 1 which begins with the phrase "[i]n such respect" constitutes an implicit limitation of the Legislature's authority, the express prohibition of the assignment of administrative duties would be superfluous, for the prohibition would be encompassed in the implicit limitation urged by plaintiffs. The validity of the challenged legislation, therefore, depends upon whether it attempts to assign an additional administrative duty to the Comptroller.

The second step of defendants' argument is premised on the assumption that any function of the Comptroller which involves an audit is separate and distinct from an administrative function. Thus, defendants describe the Comptroller's historical role as that of "chief auditor" having the "core function of auditing". Defendants' description omits a significant detail. The Comptroller's historical role is not that of a mere auditor who performs any and all audits. The Comptroller is "an independent auditing official *for the affairs of the State*" (*Patterson v Carey*, 41 NY2d 714, 723, *supra* [emphasis supplied]; *accord, Matter of New York Pub. Interest Research Group v New York State Thruway Auth.*, 77 NY2d 86, 89). There can be little doubt that the constitutional amendment which added the relevant language to NY Constitution, article V, § 1 was prompted by the importance of the Comptroller's role as the chief auditor of the fiscal affairs of the State and by the need to maintain the independence of the Comptroller's functions in that role by prohibiting interference, either direct or indirect, by the Legislature. It follows, therefore, that the phrase "administrative duties" contained in NY Constitution, article

V, § 1 cannot be read as limited to those duties which do not involve an audit of any kind. Rather, we are of the view that the proper place to draw the distinction is between the functions of the Comptroller in his role as an independent auditing official for the affairs of the State and all other functions, which are administrative within the meaning of the prohibition contained in NY Constitution, article V, § 1 (*see, County of Rensselaer v Regan*, 173 AD2d 37, 41-42, *affd* 80 NY2d 988).

Defendants do not claim that the audits authorized by the challenged legislation involve the fiscal affairs of the State. Rather, the audits are a product of the State's broad police powers to regulate insurers. Defendants do claim that the Comptroller has the expertise to perform what defendants describe as the "onerous task" of auditing plaintiffs. The issue, however, is not whether the Comptroller has the expertise to perform the task, but whether the Legislature has the authority to assign the task to the Comptroller. That the task is onerous implies that it could interfere with the Comptroller's ability to perform his core function as an independent auditing official of the affairs of the State, which is prescribed and protected by the provisions of NY Constitution, article V, § 1.

The challenged legislation does not mandate the performance of the audits, but leaves the matter to the Comptroller's discretion. The legislation nevertheless imposes a duty, for the Comptroller must exercise the discretion granted by the legislation in deciding whether to act to protect the public (*see, Dunham v Ottinger*, 243 NY 423, 432). For the reasons set forth above, the duty is administrative within the meaning of the prohibition contained in NY Constitution, article V, § 1, and it concededly is not incidental to any of the Comptroller's constitutional functions. The Legislature, therefore, lacked the authority to assign the administrative duty to the Comptroller. A declaratory judgment to that effect should provide plaintiffs with the necessary relief.

CARDONA, P. J., MERCURE, CREW III and WHITE, JJ., concur.

Ordered that the order is reversed, on the law, with costs to plaintiffs, and it is declared that NY Constitution, article V, § 1 prohibits the Legislature from assigning to defendant Comptroller any duty concerning the audits authorized by Insurance Law article 43.